**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 0:17-CV-60734-RLR**

GARY SILBER,

    Plaintiff,
v.

GABRIEL NAMU MORLU,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT**
**FINAL JUDGMENT WITHOUT PREJUDICE AND ORDER CLOSING CASE**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Final Judgment [DE 14]. Being fully advised in the premises, the Court finds as follows:

1. The Clerk of the Court entered a default against Defendant on May 15, 2017. DE 9.

2. By virtue of the Clerk's entry of Default, Defendant has admitted all well-pleaded allegations of fact in Plaintiff's Complaint. *Nishimatsu Coast Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Defendant has not, through default, admitted any legal conclusions contained in Plaintiff's Complaint. *Id.*

3. Plaintiff has alleged that he entered into a "Retail Installment Sale Finance Contract" (the "Contract") with Defendant on May 6, 2016. DE 1 at 4. The subject of the Contract is the financing of a transport truck and trailer. *Id.* Plaintiff has further alleged that Defendant failed to make monthly installments, did not comply with Contract Stipulations 1 to 7, and hindered Plaintiff's recovery attempts by withholding Plaintiff's asset in an unknown location and condition. *Id.* All of these factual allegations are well pleaded and are therefore admitted by Defendant.

4. Together with other well-pleaded factual allegations, the Court finds the Contract at issue is a valid contract, and that Defendant breached the Contract.[1]

5. Plaintiff's Motion seeks an entry of default judgment in excess of $80,000, however a subset of these damages are not traceable to any factual allegation in the Complaint.[2]

6. Specifically, Plaintiff asks to recover both the unpaid balance of $68,800 (pursuant to the Contract) together with a repair bill of $17,500 and other miscellaneous costs. The Complaint does not clearly allege recovery of the repair bill and the other miscellaneous costs. Furthermore, Plaintiff's statement of claim in the Complaint contains no allegations on this subject. The Court previously required Plaintiff to provide clarity on this matter. DE 13. Plaintiff did not comply.

7. Plaintiff is therefore not entitled to the entry of a default judgment at this time. "A court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317, F.3d 1264, 1266 (11th Cir. 2003). Here, the Court cannot assure any legitimate basis for entering the damage award sought. Plaintiff's allegations are unclear and the Court cannot ascertain upon which legal damage theory Plaintiff relies.

8. Plaintiff conflates two mutually exclusive avenues of recovery. Plaintiff's recovery of the outstanding balance of $68,800 under the Contract relies upon the expectation theory of damages, which would put him in the same position had Defendant fully performed under the Contract. *See Tampa Pipeline Transp. Co. v. Chase Manhattan Serv. Corp.*,

---

[1] *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (finding under Florida Law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages).

[2] *See Seguros Tepeyac, S. A., Compania Mexicana de Seguros Generales v. Bostrom*, 360 F.2d 154, 155 (5th Cir. 1966) (holding federal court does not lose jurisdiction simply because the actual award is less than jurisdictional amount; amount in controversy should be measured at the time the action comes to the court).

928 F. Supp. 1568, 1584 (M.D. Fla. 1995). Plaintiff's desire to repossess the truck and trailer and make any necessary repairs to restore their condition finds support on a reliance theory of damages, which would put him in the same position had the Contract not been formed at all. *See id.* Plaintiff scannot recover under both expectation and reliance damages, as a contract cannot be simultaneously performed and not performed. *See MasForce Europe, BVBA v. MEC3 Co.*, No. 8:11-CV-1814-T-24AEP, 2013 WL 12156469, at *7 (M.D. Fla. Dec. 4, 2013).

9. The Contract provides: "[i]f *Seller* has to pay any repair bills, storage bills, taxes, fines, or other related charges, buyer [sic] agrees to repay Seller upon demand." DE 1 at 7 (emphasis added). To the extent Plaintiff relies upon the Contract to establish his entitlement to multiple categories of damages, Plaintiff must cite a specific provision of the Contract for each category of damages (Plaintiff's categories include such items as repairs, repossession costs, court costs, and a confusing reference to a settlement agreement and worthless check). A prior order of this Court required this level of specificity from Plaintiff. DE 13. Plaintiff did not comply. To the extent it is Plaintiff's intent to cite portions of the Contract for the proposition that Plaintiff is entitled to payment *for the full sales price of the truck and trailer*, **and** Plaintiff is entitled to repossess the truck and trailer, **and** Plaintiff is entitled to all costs of repair and repossession of the truck and trailer, Plaintiff must provide legal authority to the Court that Plaintiff is entitled to such a remedy far in excess of the original bargain between the parties.

10. The Clerk of the Court is ordered to **CLOSE THIS CASE**. This closure shall not affect the merits of Plaintiff's claim or preclude Plaintiff from additional filings.

11. Plaintiff must file an amended motion for final default judgment which addresses the Court's concerns within ten (10) days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 18th day of July, 2017.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE